The Honorable David L. Gibbons Prosecuting Attorney Fifth Judicial District Post Office Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
You have presented the following question for my opinion:
 (1) Does a city have any legal authority or recourse to collect from a convicted defendant for the city's cost of incarcerating the defendant in the county jail prior to sentencing by a criminal court?
 (2) If so, can the city request the reimbursement of incarceration costs as restitution after a guilty verdict is rendered on a defendant or does the city have to pursue reimbursement for these costs civilly?
You state that the costs in question are the city's costs of incarcerating inmates in a county facility, and are paid by the city to the county pursuant to an agreement between the two entities.
Response
Question 1 — Does a city have any legal authority or recourse to collectfrom a convicted defendant for the city's cost of incarcerating thedefendant in the county jail prior to sentencing by a criminal court?
It is my opinion that a city does not have authority to collect from a defendant for the cost of incarcerating the defendant until the defendant has been sentenced. After the defendant has been sentenced, the city can collect from the defendant the costs of incarcerating him that were incurred prior to his conviction. Certain statutorily prescribed procedures must be followed in this collection process, as described more fully below. I base these conclusions on a reading of several applicable statutes.
First, A.C.A. § 12-41-505 states:
 (a) Every person who may be committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he shall be convicted, shall pay the expenses in carrying him to jail and also for his support from the day of his initial incarceration for the whole time he remains there.
 (b) The expenses which accrue shall be paid as directed in the act regulating criminal proceedings.
 (c) The property of such person shall be subject to the payment of such expenses.
A.C.A. § 12-41-505 (emphasis added).
I have emphasized the phrase "if he shall be convicted," above, to point out that this statute imposes upon the defendant the costs of incarceration only if the defendant is convicted. This point is important because defendants are not deemed to be convicted until they have been sentenced.[1] Under the Arkansas Rules of Criminal Procedure, the court's judgment of conviction is entered at the time of sentencing. See
Rule 33.2, A.R.Cr.P. If the defendant has not yet been sentenced, he is not yet deemed to have been "convicted." (This point is particularly significant in contexts involving expungements. See e.g., Op. Att'y Gen. No. 2002-316.)
Once the defendant has been sentenced, the city may, pursuant to A.C.A. § 12-41-505, quoted above, begin proceedings to collect from the defendant the costs of incarceration that were incurred prior to the conviction. As stated in A.C.A. § 12-41-505(c), above, the defendant's property is subject to execution for payment of the costs. However, it should be noted that Subsection (c) of A.C.A. § 12-41-505 directs that the procedure to be followed in the payment and collection of these costs is that which is set forth in the laws governing criminal proceedings. One of the sets of laws governing criminal proceedings is Title 16 of the Arkansas Code. Under that set of laws, the defendant's property cannot be used for payment of costs unless an execution has been issued against the defendant's property. See A.C.A. § 16-92-101, -102, and -105. Such an execution cannot be issued unless the costs have been included in the court's final judgment against the defendant pursuant to A.C.A. §16-90-113 and the defendant has failed to pay. A.C.A. § 16-92-102(a); Op. Att'y Gen. No. 2003-019. These proceedings for the collection of costs from a defendant are, in essence, civil proceedings. The use of such proceedings are bolstered by a section of the criminal code, A.C.A. §5-4-204, which states:
 (a) When a defendant sentenced to pay a fine or costs defaults in the payment thereof or of any installment, the fine or costs may be collected by any means authorized for the enforcement of money judgments in civil actions.
 (b) A judgment that the defendant pay a fine or costs shall constitute a lien on the real and personal property of the defendant in the same manner and to the same extent as a money judgment in a civil action.
A.C.A. § 5-4-204.
In addition, the criminal code authorizes criminal proceedings against the defendant for the nonpayment of costs that were included in the defendant's sentence. See A.C.A. § 5-4-203. Such proceedings can result in imprisonment and the suspension of the defendant's driver's license. The court can also permit the defendant additional time for the payment of the costs, or can reduce or revoke the judgment for costs. Id.
Question 2 — If so, can the city request the reimbursement ofincarceration costs as restitution after a guilty verdict is rendered ona defendant or does the city have to pursue reimbursement for these costscivilly?
See response to Question 1.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] There appears to be no authority under Arkansas law for the collection of costs from a defendant who is not convicted.